# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PARENTAL RIGHTS AS TO T.R.C., MINOR UNDER 18 YEARS OF AGE.<br><br>FREDERICK C.; AND LINDA S. S-C, Appellants, vs. KAREN C., Respondent. | No. 70421<br><br>FILED<br><br>MAY 25 2017 |

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for termination of parental rights. Eighth Judicial District Court, Family Court Division, Clark County; Bill Henderson, Judge.

Appellants contend that the district court erred when it denied their petition to terminate respondent Karen C.'s parental rights. "The primary consideration in any proceeding to terminate parental rights must be whether the best interests of the child will be served by the termination." NRS 128.105(1).[1] In considering the best interests of the child, the district court must also find that parental fault exists based on

---

[1]While we note that NRS 128.105 was amended, effective July 2015, none of those amendments are pertinent here. 2015 Nev. Stat., ch. 250, §3, at 1184-85.

17-17591

at least one of the factors enumerated in NRS 128.105(1)(b). *See In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 801, 8 P.3d 126, 133 (2000) ("Although the best interests of the child and parental fault are distinct considerations, the best interests of the child necessarily include considerations of parental fault and/or parental conduct.") "[T]his court closely scrutinizes whether the district court properly preserved or terminated" a parent's parental rights, but we "will not substitute [our] own judgment for that of the district court" and will uphold the lower court's decision if it is supported by substantial evidence. *Id.* at 795, 8 P.3d at 129.

In determining whether it was in the best interests of T.R.C. to terminate Karen's parental rights, the district court explicitly addressed each of the applicable parental fault factors enumerated in NRS 128.105(1)(b). In its written order, the district court found that: (1) Karen has not neglected T.R.C., NRS 128.105(1)(b)(2), NRS 128.014; (2) Karen is not an unfit parent, NRS 128.105(1)(b)(3), NRS 128.018; (3) Karen's mental health issues do not make her unfit, NRS 128.105(1)(b)(3), NRS 128.106(1)(a); (4) Karen is taking steps to adjust her circumstances, NRS 128.105(1)(b)(4), NRS 128.0126; (5) T.R.C. is not at risk of serious injury if Karen retains her parental rights, NRS 128.105(1)(b)(5); and (6) Karen has made more than token efforts to care for T.R.C., NRS 128.105(1)(b)(6).

We conclude that substantial evidence supports the district court's decision. As the record evinces, Karen is taking steps to be a fit parent by attending counseling regularly, maintaining a home and marriage, and managing her mental illnesses through therapy and medication. Appellants argue that the district court erred in assessing Karen's mental illnesses, *see* NRS 128.106; however, this argument is

belied by the record. The district court heard expert testimony, and it evaluated evidence of Karen's prescription medication history and use, her hospital admission history, her therapy, and her current living situation. While the court recognized that Karen had previous issues with violent outbursts, it determined that those instances occurred prior to the birth of T.R.C., and Karen repeatedly testified that her anger was under control and that she sought help as needed.

Appellants further contend that Karen has abandoned T.R.C. under the presumption in NRS 128.012(2) because they have had a guardianship over T.R.C. for four and a half years. However, placing T.R.C. in a guardianship is not abandonment under Nevada law. A presumption of abandonment is statutorily defined as when "a parent or parents of a child leave the child in the care and custody of another without provision for the child's support and without communication for a period of 6 months." NRS 128.012(2). As the district court concluded, Karen "has not conducted herself in a manner that evinces a settled purpose to forego all parental custody and relinquish all claims to him." See NRS 128.012(1). While Karen does not provide for T.R.C.'s support financially, she maintains regular communication with T.R.C. Karen has kept most of her scheduled visitations with T.R.C., and, in fact, takes a one-hour bus ride to attend her weekly visits. The testimony also established that Karen makes twice-weekly calls to T.R.C. Therefore, we conclude that Karen has not abandoned T.R.C. as contemplated by NRS 128.012.

SUPREME COURT
OF
NEVADA

(O) 1947A

Accordingly, for the reasons set forth above, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Bill Henderson, District Judge, Family Court Division
      Patricia A. Marr
      Keels Law Group
      Eighth District Court Clerk